## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES S. TATE, JR., M.D.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA BOARD OF MEDICAL EXAMINERS, et al.,<br><br>Defendants. | 2:11-CV-1613 JCM (VCF) |

### ORDER

Presently before the Court is plaintiff Dr. James Tate's motion for preliminary injunction filed on October 6, 2011. (Doc. #2). Defendants Dr. Beverly Neyland, the State of Nevada Board of Medical Examiners, Michael Fischer, Donna Ruthe, and Sue Lowden (collectively "the board") filed an opposition on October 13, 2011 (doc. #16), to which Dr. Tate replied on October 17, 2011 (doc. #21).

On October 19, 2011, this court conducted a hearing and heard oral arguments. For the reasons stated on the record at the hearing, and described below, the motion for preliminary injunction is denied.

Furthermore, because this court's ruling is based on immunity and abstention grounds, the court also grants the board's motion to dismiss (doc. #19).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**Background**

Dr. Tate obtained an ex parte emergency motion for temporary restraining order on October 6, 2011 (doc. #9) alleging that he would suffer immediate and irreparable injury, loss or damage if the board were allowed to submit a report to the National Practitioners Data Bank advising that entity of discipline imposed upon Dr. Tate.

The board filed an opposition asserting that the temporary restraining order should be vacated and that the motion for a preliminary injunction should be denied because the board enjoys absolute immunity under *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999), *Olsen v. Idaho State Bd. of Medicine*, 363 F 3d. 916, 922 (9th Cir. 2004), and *Manzur v. Montoya*, 337 Fed.Appx. 692 (9th Cir. 2009).

Additionally, defendants argue that pursuant to the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), this court should abstain from adjudicating the case until plaintiff has exhausted his administrative remedies.

**Discussion**

A.  Preliminary Injunction

In order to obtain a preliminary injunction, a party must show that he has (1) a likelihood of success on the merits; (2) the possibility of irreparable injury if injunctive relief is not granted; (3) a balance of hardships favors granting the injunction; and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

On the instant facts, the first *Winter* factor is dispositive. Dr. Tate cannot show that he has a likelihood of success on the merits because this suit is barred due to both absolute immunity and the *Younger* abstention doctrine.

1. Absolute Immunity

In *Mishler,* the Ninth Circuit held that "[t]here is no question that acts occurring during the disciplinary hearing process fall within the scope of absolute immunity; holding hearings, taking evidence, and adjudicating are functions that are inherently judicial in nature." *Mishler*, 191 F.3d at 1008. Because the Nevada board is functionally comparable to a judicial officer, it is entitled to

absolute immunity for its judicial and quasi-judicial acts. *Id.*

Here, Dr. Tate attacks the board's actions in the disciplinary hearing process. The Ninth Circuit has already held that "there is no question" any such acts are entitled to absolute immunity. *Id.* In reviewing the record before it, and applying the "functionally comparable" factors the *Mishler* court applied, *see id.* at 1003, this court also finds that "there is no question" that the board was acting in a judicial capacity. Accordingly, because the state is entitled to immunity, Dr. Tate has not carried his burden of showing a likelihood of success on the merits.

2. *Younger* Abstention Doctrine

The board is also entitled to dismissal under *Younger*. The abstention doctrine outlined by the Supreme Court in *Younger* requires abstention if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir. 1995). *Younger* requires the dismissal of the federal action, not merely a stay. *Delta Dental*, 139 F.3d at 1293-94.

The *Younger* factors are present here because the state proceedings that Dr. Tate filed on the same day as his federal suit are ongoing, implicate important state interests, and provide Dr. Tate with an adequate opportunity to litigate the federal claims. Accordingly, even if the board was not absolutely immune from this suit, Dr. Tate lacks a likelihood of success because his federal suit must give way to his state action pursuant to *Younger*.

B. Motion to Dismiss

During oral argument, plaintiff's counsel requested that the court also issue a ruling on the board's motion to dismiss. Counsel for Dr. Tate explained that the arguments made in Dr. Tate's reply brief in support of the motion for preliminary injunction regarding both absolute immunity spoke directly to defendants' motion to dismiss. As such, an immediate ruling on the motion to dismiss would help expedite the appeals process, whereas additional briefing on the motion to dismiss would not aid the court in adjudicating that motion. Dr. Tate requested that the court convert his reply brief to an opposition to the motion to dismiss and issue a ruling.

James C. Mahan
U.S. District Judge

- 3 -

In light of this court's findings on the issues of absolute immunity and abstention, the court finds it appropriate to dismiss the case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the emergency temporary restraining order (doc. #9) is vacated.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (doc. #2) be, and the same hereby is, denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. #19) be, and the same hereby is, GRANTED.

DATED October 26, 2011.

**UNITED STATES DISTRICT JUDGE**